UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 06 C 5423 |
| v. | ) | |
| | ) | Judge George M. Marovich |
| NOVICK INDUSTRIES, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Union Pacific Railroad Company ("Union Pacific") filed a complaint against Novick Industries, Ltd. ("Novick"), in which complaint Union Pacific sought $465,118.00 in freight and related charges. Union Pacific has filed a motion for default judgment or, in the alternative, summary judgment. The Court concludes that the motion is more properly labeled a motion to enforce settlement agreement. For the reasons set forth below, the Court grants Union Pacific's motion and enforces the settlement agreement.

**I.      Background**

Union Pacific, which operates a railroad, is a Delaware Corporation and has its principal place of business in Omaha, Nebraska. Novick is an Illinois Corporation, and its principal place of business is in Chicago, Illinois. Union Pacific filed a complaint alleging that Novick had failed to pay for freight and other services worth $465,118.00. Thus, the Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

In late January 2007, the parties signed and notarized a Settlement Agreement and Release (the "Settlement Agreement"). The Settlement Agreement provides, in relevant part:

WHEREAS, UP has filed suit against NOVICK in the United States District Court for the Northern District of Illinois, Eastern Division, (the "Lawsuit"); and

WHEREAS, the parties wish to settle the Lawsuit, and all other matters arising out of the freight charges allegedly owed by NOVICK to UP that are specifically identified in the freight bills listed in Exhibit "A" appended hereto and incorporated herein by reference;

NOW THEREFORE, the parties agree as follows:

\*\*\*

2. <u>Dismissal</u>. Upon execution of this Agreement, the parties will jointly execute a stipulation for dismissal, without prejudice, of the Lawsuit pursuant to Federal Rules of Civil Procedure 41(a), each party to bear its own costs and attorneys fees. UP or its attorneys will take all other actions which may be necessary to promptly effectuate such dismissal.

\*\*\*

4. <u>Payment</u>. In consideration for each and every one of UP's agreements and covenants set forth herein, each of which is an essential and indispensable part hereof, NOVICK shall pay to UP the total sum of $396,000.00 ("Payment"). The Payment shall be satisfied by NOVICK paying 12 equal monthly installments of $33,000.00 to UP. The first such monthly installment payment is due on February 1, 2007. The successive monthly payments are due on the first day of each month thereafter until the Payment is made in full. . . . All payments must be received by Union Pacific by the fifth business day of each month. The parties stipulate and agree that the aforementioned sum of $396,000.00, represents payment for all actual and potential damages, and related attorney fees and court costs. Checks shall be made payable to Union Pacific Railroad Company and shall be sent to UP at the address set forth in Paragraph 7 of this Agreement.

5. <u>Default, Cure, and Breach</u>. In the event that any payment required by this Agreement is not received by UP on or before the applicable due date, UP may, at its option, declare NOVICK in default. In order for NOVICK to be considered in default, UP shall provide NOVICK with written notice that it is in default at the location set forth in Paragraph 8 of this Agreement. NOVICK shall then have three business days to cure the default. The default will only be cured by NOVICK making payment to UP within three business days following the date the notice of default is faxed as set forth in Paragraph 8 of this Agreement. If NOVICK fails to the [sic] cure the default, Union Pacific may, at its option, declare the entire remaining unpaid balance immediately due and payable, and may initiate a lawsuit on this agreement to recover the remaining unpaid balance together with attorneys' fees and costs incurred in bringing such suit. In the event UP files suit based upon a breach of this Agreement by NOVICK, UP will be entitled to entry of a Judgment against NOVICK for the full amount of

> $396,000.00, minus any payments made prior to the breach, plus interest at the
> rate of 8.25 percent per annum on the entire amount of balance of $396,000.00 (or
> $32,670.00), and UP's reasonable attorneys' fees and costs. The entry of a
> Judgment will be permitted as set forth in Exhibit "C" appended hereto and
> incorporated herein by this reference, NOVICK'S "Confession of Judgment."

(Settlement Agreement at 1-2).

The same day that he signed the Settlement Agreement on behalf of Novick, Novick's President, Luyi Obdebor, also signed and had notarized a document entitled, "Confession of Judgment." In that document, Obdebor stated, among other things:

> 1. I am the President of Novick Industries, Ltd. Novick Industries, Ltd is a corporation organized and existing under the laws of Illinois. I am duly authorized to make this affidavit on behalf of Novick Industries, Ltd.
> ***
> 4. On behalf of Novick Industries, Ltd., I hereby confess judgment against Novick Industries Ltd. and in favor of Union Pacific Railroad Company for all sums due under a Settlement Agreement dated the 19th of Jan., 2007. In the event that Novick Industries, Ltd. defaults under said agreement, I authorize judgment to be entered against Novick Industries, Ltd. up to the amount of US $396,000.00 in principal, plus one year of interest at 8.25 percent on the principal balance of $396,000.00 (or $32,670.00).

(Exhibit C to Agreement).

Novick promptly failed to make the $33,000.00 payment due February 1, 2007. When it had not received the February payment by February 5, 2007, Union Pacific's attorney sent Novick a letter stating that the payment was in default and requesting that the default be cured within three business days. Novick failed to make the payment. Novick has continued to fail make the monthly payments, the twelfth (and final) of which was supposed to be paid on January 1, 2008.

## II.     Discussion

Union Pacific has filed a motion asking for a default judgment or, in the alternative, summary judgment. In essence, though, Union Pacific is asking the Court to enforce the settlement agreement the parties signed. As the supervisor of this litigation, the Court has the inherent power to enforce a settlement agreement between the parties. *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996).

For its part, Novick does not deny that it signed the settlement agreement or that it failed to pay. Instead, Novick first argues that even if it failed to comply with the Settlement Agreement, Union Pacific is not entitled to enforce the "Default, Cure, and Breach" provisions in paragraph five of the Settlement Agreement, because Union Pacific has not filed a lawsuit for breach of the Settlement Agreement. Novick is correct. Paragraph five states, in relevant part:

> If NOVICK fails to the [sic] cure the default, Union Pacific may, at its option, declare the entire remaining unpaid balance immediately due and payable, and *may initiate a lawsuit* on this agreement to recover the remaining unpaid balance together with attorneys' fees and costs incurred in bringing such suit. *In the event UP files suit based upon a breach of this Agreement* by NOVICK, UP will be entitled to the entry of a Judgment against NOVICK for the full amount of $396,000.00, minus any payments made prior to the breach, plus interest at the rate of 8.25 percent per annum on the entire amount of balance of $396,000.00 (or $32,670.00), and UP's reasonable attorneys' fees and costs. The entry of a Judgment will be permitted as set forth in Exhibit "C" appended hereto and incorporated herein by this reference, NOVICK's "Confession of Judgment."

(Settlement Agreement ¶ 5) (emphasis added). It is clear from the plain language of the Settlement Agreement that Union Pacific can take advantage of the Confession of Judgment *only* in the event that it files suit based on the breach of the Settlement Agreement. It chose not to do so. No matter, Union Pacific is still entitled to enforce the Settlement Agreement here.

Novick next argues that Union Pacific cannot enforce the Settlement Agreement because it failed to comply with one of its obligations under the Settlement Agreement, namely filing a stipulation of dismissal. The Court disagrees. Although the Settlement Agreement provides that Union Pacific will effectuate the dismissal promptly, nothing in the Settlement Agreement says that Union Pacific had to get the stipulation of dismissal on file before Novick had to make any of its payments. Novick had defaulted within days of signing the agreement.

Based on the evidence, the Court concludes that the parties entered an enforceable settlement agreement, which this Court has the inherent power to enforce. The Court will enter judgment in favor of Union Pacific in the amount of $396,000.00 (the amount Novick agreed to have paid to Union Pacific by this point in time). The Court will also award Union Pacific prejudgment interest. In the Seventh Circuit, prejudgment interest is "presumptively available" because "[w]ithout it, compensation of the plaintiff is incomplete and the defendant has an incentive to delay." *Gorenstein Enterprises, Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989). There being no statutory rate for prejudgment interest, the Seventh Circuit "suggests that district judges use the prime rate for fixing prejudgment interest." *Id.* Accordingly, the Court awards prejudgment interest in the amount of $14,984.66.[1] Finally, the Court dismisses this case with prejudice, each party to bear its own costs and fees.

**IV.** **Conclusion**

For the reasons set forth above, the Court grants Union Pacific's motion and enforces the settlement agreement. The Courts enters judgment in favor of Union Pacific Railroad Company

---

[1] The interest calculation is based on the prime rate of 6.0% (as reported in the *Wall Street Journal* on January 31, 2008) compounded quarterly.

and against Novick Industries, Ltd. in the amount of $396,000.00 plus prejudgment interest in the amount of $14,984.66. The Court dismisses this case with prejudice, each party to bear its own costs and fees.

ENTER:

*George M. Marovich* (signature)

George M. Marovich
United States District Judge

DATED: February 6, 2008